IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOMINGO GOMEZ

    Plaintiff,

v.                                                                         No. 12-1067 GBW/WPL

BENJAMIN MARTIN *et al.*

    Defendants.

**ORDER DENYING PLAINTIFF'S
MOTION FOR DISCOVERY UNDER RULE 56(d)**

This matter is before the Court on Plaintiff's Motion for Discovery Under Rule 56(d). *Doc. 53.* The Court, having reviewed the Motion and accompanying briefing, will DENY it.

**I.    BACKGROUND**

Plaintiff brings this action against Defendants alleging a variety of federal constitutional and state law claims. *Doc. 32.* His causes of action arise from the prosecution of allegedly false allegations that Plaintiff attempted to murder his wife, Defendant Gomez, and mother-in-law, Defendant Armendariz, by poisoning them with carbofuran on several occasions in 2008. *Id.* at 1-4. Plaintiff alleges both that his wife and mother-in-law fabricated the poisonings and that Defendant Martin, an investigator at the Doña Ana County Sheriff's Office, wrongfully pursued a criminal action for attempted murder against him despite a lack of credible evidence to support a prosecution. *Id.* at 1, 3. Plaintiff asserts that in some cases Defendant Martin falsified, and in other cases omitted, material facts when presenting

1

evidence relating to the criminal complaint to the court. *Id.* at 3-7.  On May 25, 2012, the Doña Ana County Deputy District Attorney filed a dismissal of all charges *nolle prosequi*.

Plaintiff filed the instant action on October 17, 2012.  *Doc. 1.*  His Second Amended Complaint alleges that Defendant Martin is liable for both malicious prosecution and false imprisonment arising from his faulty probable cause determination and subsequent arrest of Plaintiff.  *Doc. 32* at 9.  On May 6, 2013, the action was stayed by agreement of the parties.  *Doc. 42.*  Defendant Martin filed a Motion for Summary Judgment on the Basis of Qualified Immunity on June 12, 2013.  *Doc. 47.*   Plaintiff filed the instant motion on July 19, 2013, and briefing was completed on September 5, 2013.  *Docs. 53, 55, 57.*

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(d) allows for limited discovery relating to a motion for summary judgment "when facts are unavailable to the nonmovant." FED. R. CIV. PRO. 56(d).  Normally, an application under this Rule is treated liberally. *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1553–54 (10th Cir. 1993).  However, where the defense of qualified immunity is involved, the court must exercise its discretion to ensure that the discovery requested does not infringe on the protections from discovery provided by the qualified immunity defense.  *Lewis v. City of Ft. Collins,* 903 F.2d 752, 758 (10th Cir. 1990). Officials invoking this defense are not protected from all discovery, "only from discovery which is either avoidable or overly broad." *Garrett v.  Stratman*, 254 F.3d 946, 953 (10th Cir. 2001) (quoting *Maxey v. Fulton,* 890 F.2d 279, 282 (10th Cir. 1989).

A party making an application under Rule 56(d) in response to a qualified immunity motion "must demonstrate *how* discovery will enable them to rebut a defendant's showing of objective reasonableness or, stated alternatively, demonstrate a connection between the information he would seek in discovery and the validity of the [defendant's] qualified immunity assertion." *Lewis*, 903 F.2d at 759 (citation omitted). This demonstration must go beyond merely showing that additional discovery would reveal a factual dispute or that the other party possesses evidence that would support the moving party's allegations. *Jones v. City & Cnty. of Denver, Colo.*, 854 F.2d 1206, 1211 (10th Cir.1988)

### III.   ANALYSIS

In order to defeat Defendant's motion for summary judgment on the basis of qualified immunity with regard to both the false arrest and malicious prosecution causes of action, Plaintiff must set forth evidence demonstrating the **objective** unreasonableness of Defendant Martin's probable cause determination. Plaintiff therefore requests leave from the Court to take the deposition of Defendant Martin. He contends that this deposition is necessary in order to properly defend against Defendant Martin's motion for summary judgment, especially in light of the fact that Defendant Martin has submitted an affidavit defending his probable cause determination with his motion for summary judgment. *Doc. 53* at 8, Ex. A at 2.

Defendant Martin counters that Plaintiff has failed to comply with the requirements of Rule 56(d) and his request should be denied on that basis. *Doc. 55* at 3, 8. In addition, Defendant Martin asserts that further discovery is unnecessary because the record before the Court is sufficient for the Court to determine the objective reasonableness of Defendant

3

Martin's conduct. *Id.* at 9. After a careful examination of both Defendant Martin's motion for summary judgment and the briefing on the instant motion, the Court does not see sufficient basis to justify the authorization of Defendant Martin's deposition.

Plaintiff's Rule 56(d) request identifies eight topic areas on which Plaintiff seeks to depose Defendant Martin. *Doc. 53* at 11. After naming the eight topics, Plaintiff's briefing sets forth certain facts he would anticipate eliciting from deposing Defendant Martin, such as facts regarding Defendant Martin's understanding of Defendants' Gomez and Armendariz's motivations in stating that they were poisoned. *Id.*, Ex. A. Defendant Martin argues that this mere identification of topic areas does not satisfy the Rule 56(d) requirement that Plaintiff identify the specific facts that would materially aid his response to the summary judgment motion, and accordingly, Plaintiff's request should be denied. In the alternative, he contends that even if the requests are sufficiently specific, each of these topics has been addressed in discovery, rendering Defendant Martin's deposition unnecessary.

Although Plaintiff segregates his proposed discovery into eight topics, they can essentially be divided into two categories: Defendant's conduct of the investigation with regard to the medical and scientific evidence available to him (topics 1, 3, 4, 5, 8), and Defendant's conduct in regard to determining Defendants Gomez and Armendariz's credibility (topics 2, 6, 7). The problem with Plaintiff's requests is that there has already been significant discovery in this case that bears on Defendant's conduct of the investigation both with regard to the medical and scientific evidence at issue and with regard to the other Defendants. Most significantly, Defendant Martin produced his entire investigative file for

this matter to Plaintiff, including the scientific and medical records reviewed by Defendant Martin in this case and the interviews Defendant Martin conducted with relevant witnesses, including Defendants Gomez and Armendariz. *Doc. 55*, Ex. B at 16–17. In response to Plaintiff's Request for Production #5, Defendant Martin also offered to provide Plaintiff with a significant portion of his personnel record, including training documentation. *Id.*, Ex. C. at 3–4.[1]

Based on the discovery which has been provided, Plaintiff possesses the objective facts which bore on the investigation. Plaintiff's proposed deposition would serve only to provide cumulative evidence or evidence that reveals Defendant Martin's subjective impressions or motivations. The former is unnecessary because it is cumulative, and the latter is irrelevant to the question before the Court. *See Garrett*, 254 F.3d at 953; *Todd v. Montoya*, 877 F. Supp. 2d 1048, 1083 (D. N.M. 2012)("Rule 56[d] does not require . . . that summary judgment not be entered until discovery is complete."); *Jensen*, 998 F.2d at 1554 (noting that it is proper to deny a request under Rule 56(d) where the discovery sought is merely cumulative).

Further, while Plaintiff contends that the submission of Defendant Martin's affidavit belies his contention that the existing discovery in this case is sufficient for the purposes of summary judgment (*see doc. 57* at 3), the central purpose of that affidavit is not to introduce new testimonial evidence, but to authenticate and organize the documentary evidence produced during discovery that supports Defendant Martin's motion. *Doc. 48*, Ex. 1. These

---

[1] This documentation was apparently not ultimately provided because Plaintiff failed to follow up with Defendant Martin with regard to finalizing a confidentiality agreement as to that information.

are objective facts to which a deposition of Defendant Martin would add little. To the extent that the affidavit presents subjective information, such will be ignored as irrelevant. This situation is therefore easily distinguishable from cases cited by the Plaintiff, *Castro v. United States*, 34 F.3d 106 (2nd Cir. 1994), *Estate of Sorrells v. City of Dallas,* 192 F.R.D. 203 (N.D. Tex. 2000), and *Canada v. Fannin*, 2011 U.S. Dist. LEXIS 69303 (W.D. Va., June 28, 2011), where "claimant's description of the events suggests that the defendants' conduct was unreasonable, and the facts that the defendants claim are dispositive are solely within the knowledge of the defendants and their collaborators." *Castro*, 34 F.3d at 112. Here, because of the extensive discovery regarding the objective facts surrounding the investigation, Plaintiff certainly has sufficient information with which to respond to Defendant Martin's qualified immunity motion.

IV. CONCLUSION

Plaintiff's proposed deposition would serve only to provide cumulative evidence or evidence irrelevant to the legal question underlying the summary judgment motion. Plaintiff's Motion for Discovery Pursuant to Federal Rule of Civil Procedure 56(d) is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**